T.C. Summary Opinion 2003-153


UNITED STATES TAX COURT


JOSEPH JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12825-02S.          Filed October 20, 2003.


Joseph Jones, pro se.

<u>Travis Vance III</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1999, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1999 in the amount of $5,067.[2]

The sole issue for decision is whether petitioner is liable under section 72(t) for the 10-percent additional tax on an early distribution from a qualified retirement plan. We hold that he is.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Duluth, Georgia, at the time that his petition was filed with the Court.

Petitioner was employed by Ford Motor Co. (Ford) during 1999. Petitioner has been employed by Ford for 30 years.

As an employee of Ford, petitioner participated in Ford's Tax-Efficient Savings Plan for Hourly Employees (TESPHE). TESPHE is a defined contribution plan, qualified under sections 401(a) and 401(k). TESPHE is managed by Fidelity Investments (Fidelity).

In accordance with TESPHE's guidelines, Ford employees can choose to make pretax or after-tax contributions to their TESPHE account. Petitioner made pretax contributions to his TESPHE account. Pretax contributions cannot be withdrawn from TESPHE prior to age 59½ unless the participant is terminated or demonstrates a financial hardship. However, TESPHE allows

---

[2] All numbers are rounded to the nearest dollar.

participants to apply for loans from their TESPHE accounts subject to the plan's repayment provisions. If the participant does not comply with TESPHE's loan repayment provisions, then the outstanding loan balance will be deemed a distribution subject to Federal income taxes and any applicable early withdrawal penalties.

Between 1989 and 1995, petitioner borrowed funds from his TESPHE account as follows:

| Date | Amount |
| --- | --- |
| September 30, 1989 | $9,300 |
| August 31, 1993 | 16,500 |
| May 31, 1994 | 8,800 |
| February 28, 1995 | 5,300 |
| Total | 39,900 |

Fidelity did not report any of these loans made to petitioner as deemed distributions from his TESPHE account subject to Federal income taxes. Likewise, petitioner did not include any of the loan proceeds on his Federal income tax return for the 1989, 1993, 1994, or 1995 taxable year. Petitioner repaid the loans according to TESPHE's loan provisions.

Prior to residing in Georgia, petitioner lived with his former wife in their jointly owned residence in Detroit, Michigan. Petitioner and his former wife purchased their Michigan residence in 1985. During 1997, petitioner separated from his former wife. In 1998 petitioner was transferred by Ford and moved to Georgia. Petitioner started construction on his

Georgia residence in March 1999. At some time in 1999, petitioner transferred his ownership interest in the Michigan residence to his former wife. Petitioner and his former wife divorced in November 2002.

During 1999, petitioner withdrew $50,674 from his TESPHE account to finance the construction of his Georgia residence. Petitioner's 1999 distribution from his TESPHE account was not a loan. At the time of the 1999 distribution from TESPHE, petitioner had not reached age 59½ and was not disabled.

Fidelity issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., showing a gross and taxable distribution from his TESPHE account for 1999 of $50,674.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 1999. On his 1999 return, petitioner included in gross income the $50,674 distribution from his TESPHE account. Petitioner did not report on his 1999 return the additional 10-percent tax imposed by section 72(t) with respect to his $50,674 TESPHE distribution.

In the notice of deficiency, respondent determined that petitioner is liable for the 10-percent additional tax on the early distribution from petitioner's section 401(k) plan.

Petitioner timely filed a petition with the Court disputing the deficiency. Petitioner contends that he qualifies for the

first home purchase exception in section 72(t)(2)(F).

Alternatively, petitioner contends that he had a basis in the amount distributed from his TESPHE account equal to the amount of his previous loan principal repayments and, therefore, that he is subject to the 10-percent additional tax only to the extent his 1999 TESPHE distribution exceeded his basis.[3]

Discussion[4]

Generally, section 72(t)(1) imposes an additional tax on early distributions from qualified retirement plans "equal to 10 percent of the portion of such amount which is includible in gross income."[5]  The section 72(t) additional tax does not apply to certain distributions.  For example, distributions that are made on or after the date on which the taxpayer attains the age of 59½ are not "early" and therefore not subject to the additional tax.  Sec. 72(t)(2)(A)(i).

---

[3]  Petitioner contends that if he is subject to the 10-percent additional tax, then he is subject to the additional tax only on $10,774 (the $50,674 distribution less the $39,900 total loan proceeds) as opposed to $50,674.

[4]  We decide the issue in this case without regard to the burden of proof.  See sec. 7491; Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001).

[5]  As relevant to the present case, a "qualified retirement plan" includes a qualified pension or profit sharing plan under sec. 401(a).  Sec. 4974(c)(1).

First Home Purchase Exception

Section 72(t)(2)(F) provides, in relevant part, an exception to the 10-percent additional tax for "Distributions to an individual from an individual retirement plan which are qualified first-time homebuyer distributions". (Emphasis added.) A "qualified first-time homebuyer distribution" is "any payment or distribution received by an individual to the extent such payment or distribution is used by the individual * * * to pay qualified acquisition costs with respect to a principal residence of a first-time homebuyer who is such individual". Sec. 72(t)(8)(A). A "first-time homebuyer", in relevant part, "means any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 2-year period ending on the date of acquisition of the principal residence". Sec. 72(t)(8)(D)(i)(I). The date of acquisition, as relevant herein, is the date on which construction of a principal residence is commenced. Sec. 72(t)(8)(D)(iii)(II).

Section 7701(a)(37) defines individual retirement plan for purposes of the Internal Revenue Code as an individual retirement account described in section 408(a) and an individual retirement annuity described in section 408(b). Retirement plans qualified under section 401(a) and 401(k) are not included in the definition of "individual retirement plan" under section 7701(a)(37). Therefore, because section 72(t)(2)(F) applies only

to a distribution from an individual retirement plan, a distribution from a section 401(k) plan will not qualify for the first home purchase exception.

TESPHE is a defined contribution pension plan qualified under sections 401(a) and (k).  TESPHE is not an individual retirement plan as defined in section 7701(a)(37).  Therefore, the $50,674 TESPHE distribution to petitioner is not subject to the first home purchase exception in section 72(t)(2)(F).[6]

Petitioner's Basis in the Distribution

Petitioner alternatively contends that he had a basis in the 1999 distribution from his TESPHE account equal to the total amount of his previously made loan repayments.  In this regard, petitioner relies on the fact that he made these repayments with after-tax dollars.

Preretirement distributions from a qualified retirement plan are treated as nonannuity distributions.  See sec. 72(e)(1).  If the distribution is received before retirement, only amounts allocable to the "investment in the contract" (i.e., basis) are

_____

[6]  Petitioner also fails to qualify as a "first-time homebuyer" within the definition of sec. 72(t)(8)(D)(i)(I). Petitioner, as well as his then wife, had an ownership interest in the Michigan residence in 1999.  Petitioner began construction on his Georgia residence in 1999.  Thus, petitioner had an ownership interest in the Michigan residence within the 2-year period ending on the date he acquired his Georgia residence.  See sec. 72(t)(8)(D).  See also sec. 72(t)(8)(B), which limits the amount of distributions treated as first-time homebuyer distributions to $10,000.

excludable from gross income.  Sec. 72(e)(2)(B), (8)(A).

For purposes of section 72(e), "investment in the contract" is generally defined as "the aggregate amount of premiums or other consideration paid for the contract".  Sec. 72(e)(6)(A). An employee's "investment in the contract" includes amounts contributed by the employer, "but only to the extent that * * * such amounts were includible in the gross income of the employee".  Sec. 72(f).  For purposes of a section 401(k) plan, "elective contributions * * * are neither includible in an employee's gross income at the time the cash or other taxable amounts would have been includible in the employee's gross income * * * nor at the time the elective contributions are contributed to the plan."  Sec. 1.401(k)-1(a)(4)(iii), Income Tax Regs. Therefore, in the context of this case, a taxpayer's "investment in the contract" includes only the amount of after-tax contributions and does not include pretax contributions.  See sec. 72(f).

Petitioner's contributions to his TESPHE account prior to the 1999 distribution were pretax contributions.  As a result, petitioner's TESPHE account contributions were not included in his gross income at the time of the contributions, and petitioner had no "investment in the contract" equal to these pretax contributions.

Petitioner's loan repayments are also not included in his "investment in the contract". Petitioner's prior loans from his TESPHE account were not deemed distributions and were not includable in his taxable income for any of the respective taxable years. See sec. 72(p). Therefore, petitioner's loan repayments merely restored petitioner's TESPHE account to the same status it had prior to the loan transactions; i.e., receiving the loan amounts and repaying the loan principal amounts produced a wash with respect to petitioner's TESPHE account. To give petitioner an "investment in the contract" for the loan repayments would allow petitioner to create an "investment in the contract" from his previously nontaxable loan distributions.[7] Thus, the effect of petitioner's contention would be to allow him to make pretax contributions to his TESPHE account, and then to exclude from gross income a portion of any subsequent distribution by merely taking out a nontaxable loan from his TESPHE account and making subsequent loan repayments. Unless Congress has clearly provided otherwise, we should not interpret the Code to result in such a double tax benefit. Darby v. Commissioner, 97 T.C. 51, 68 (1991); see also United States v.

---

[7] Sec. 1.72(p)-1, Q&A-21, Income Tax Regs., provides that if a participant repays a loan after a deemed distribution of the loan under sec. 72(p), then, for purposes of sec. 72(e), the participant's investment in the contract increases by the amount of the cash repayments that the participant makes on a loan after a deemed distribution. Petitioner's prior loans were not deemed distributions under sec. 72(p).

Skelly Oil Co., 394 U.S. 678, 684 (1969); Charles Ilfeld Co. v. Hernandez, 292 U.S. 62, 68 (1934).  Only if the language of the statute compelled it "would we reach a result apparently so at odds with accepted tax policy."  Darby v. Commissioner, supra at 68.

We find that petitioner did not have a basis in the 1999 distribution from his section 401(k) plan, and that petitioner properly included the full distribution in his 1999 gross income. Accordingly, we hold that petitioner is liable for the 10-percent additional tax under section 72(t) on the $50,674 distribution from his TESPHE account.

We have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.